UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,          Case No. 19-20715

v.          Honorable Thomas L. Ludington

MYRON D. WILKINS,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

On March 9, 2020, Defendant Myron D. Wilkins pled guilty to one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). ECF No. 19. He was sentenced to 60 months imprisonment. ECF No. 28. He is currently housed at Federal Correctional Institute, Milan ("FCI Milan") in Milan, Michigan.

On October 26, 2020, Defendant moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A). ECF No. 30. Plaintiff, the United States of America (the "Government"), responded on November 4, 2020. ECF No. 31. Defendant has not filed a reply brief. For the reasons stated below, Defendant's Motion for Compassionate Release will be denied.

**I.**

The United States is facing an unprecedented challenge with the COVID-19 pandemic.

> The COVID-19 virus is highly infectious and can be transmitted easily from person to person. COVID-19 fatality rates increase with age and underlying health conditions such as cardiovascular disease, respiratory disease, diabetes, and immune compromise. If contracted, COVID-19 can cause severe complications or death.

*Wilson v. Williams*, 961 F.3d 829, 833 (6th Cir. 2020). In light of the threat posed by COVID-19, Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)—a form of relief often referred to as "compassionate release." Section 3582(c)(1)(A) provides,

> The court may not modify a term of imprisonment once it has been imposed except . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission

18 U.S.C. § 3582(c)(1)(A). Accordingly, the threshold question is exhaustion. If exhaustion is found, courts must then follow the statute's three-step test:

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (internal citations omitted). "In cases where incarcerated persons [as opposed to the Bureau of Prisons] file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Id.* at *9.

### A.

As explained in the statute, before a court may consider an inmate's request for a reduced sentence under 18 U.S.C. § 3582, the inmate must first exhaust his administrative remedies with the Bureau of Prisons ("BOP") or wait 30 days after making such a request. The Sixth Circuit has explained that:

> By creating a compassionate-release option in the First Step Act, Congress gave inmates an option to seek early release on health grounds. The seriousness of COVID-19 and its spread in many prisons make it all the more imperative that the prisons have authority to process these applications fairly and with due regard for the seriousness of each inmate's risk. Free-floating exceptions to the rule, available to anyone willing to go to federal court first, will not help that cause.

*United States v. Alam*, 2020 WL 2845694, at *4 (6th Cir. June 2, 2020). Defendant provides no evidence that he exhausted his administrative remedies with the BOP. He states that when he filed the Motion for Compassionate release, he was still in Isabella County Jail awaiting transfer to FCI Milan. ECF No. 30 at PageID.109. The Government contends that "[b]ecause [Defendant] was unable to file his request with the BOP, he is presumed to have exhausted his administrative remedies." ECF No. 31 at PageID.117. Because the Government concedes the issue, this Court will assume that Defendant has exhausted his administrative remedies with the BOP.

### B.

The next issue is whether sentence reduction is warranted by "extraordinary and compelling reasons." Because Defendant moves for compassionate release on his own behalf, § 1B1.13 is "inapplicable," and [u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release." *Jones*, 980 F.3d at 1109. Accordingly, courts of this circuit are no longer confined to the considerations outlined in the policy commentary when determining if a defendant's request is extraordinary and compelling,

such as whether an inmate suffers from a "terminal illness" or "serious physical or medical condition." U.S.S.G. § 1B1.13 cmt. n.1.

Despite the lack of express guidance, *Jones* suggests that an inmate may have an extraordinary and compelling reason for release where he suffers from a medical condition identified as a risk factor for COVID-19. *See id.* at *2 n.6 (holding that inmate's prior exposure to tuberculosis "could be considered an extraordinary and compelling reason for compassionate release" because it "put him at risk of contracting the virus" or "serious long-term health problems" if he had already contracted it). Courts considering the issue post-*Jones* have agreed. *See, e.g., United States v. Rucker*, No. 17-20716, 2020 WL 7240900, at *2 (E.D. Mich. Dec. 9, 2020) (HIV and asthma) (citing *Jones*, 980 F.3d at 1102 n.6); *United States v. White*, No. 18-20183, 2020 WL 7240904, at *3 (E.D. Mich. Dec. 9, 2020) (BMI of 45.9) (citing *Jones*, 980 F.3d at 1102 n.6); *United States v. Crowe*, No. CR 11-20481, 2020 WL 7185648, at *3 (E.D. Mich. Dec. 7, 2020) (latent tuberculosis, hyperlipidemia, obesity).

More recently, the Sixth Circuit affirmed the denial of compassionate release based on a two-part test for extraordinary and compelling reasons. *See United States v. Elias*, No. 20-3654, 2021 WL 50169, at *3 (6th Cir. Jan. 6, 2021). Under the two-part test in *Elias*, the risk of contracting COVID-19 constitutes an extraordinary and compelling reason "(1) when the defendant is at high risk of having complications from COVID-19 and (2) the prison where the defendant is held has a severe COVID-19 outbreak."[1] *Id.* (quoting *United States v. Hardin*, No. 19-CR-240, 2020 WL 2610736, at *4 (N.D. Ohio May 22, 2020)). The Sixth Circuit also held that the district court, in evaluating the movant's medical conditions, "properly considered the CDC

---

[1] Consistent with *Jones*, the court emphasized that district courts need not apply this definition but that it is within their discretion to do so. *Elias*, 2021 WL 50169, at *4 n.1.

- 4 -

guidance that was in effect at the time," given that "[r]elying on official guidelines from the CDC is a common practice in assessing compassionate-release motions." *Id.* at *4.

Defendant is a 40-year-old male who suffers from "obesity, gout in both feet, asthma, sleep apnea, major depression, anxiety, [bipolar disorder] and suicidal thoughts." ECF No. 30 at PageID.109. The CDC states that persons suffering from obesity are at an increased risk of developing COVID-19 complications. *See People With Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html [https://perma.cc/G7WV-SBCK] (last visited Jan. 19, 2021). Similarly, persons suffering from asthma "might" be at an increased risk. *Id.* Currently, FCI Milan is experiencing a COVID-19 outbreak, with 35 inmates and 16 staff members reporting active infections. *See COVID-19*, BOP, https://www.bop.gov/coronavirus/ [https://perma.cc/V2S2-9NYQ] (last visited Jan. 19, 2021). Under these circumstances, Defendant has an extraordinary and compelling reason for release.

## C.

As stated previously, there is no "applicable policy statement" in this case because Defendant, not the BOP, has moved for compassionate release. Consequently, step two of the § 3582(c)(1)(A) analysis is skipped, and the final issue is whether a sentence reduction is warranted by the applicable factors set forth in § 3553(a). *See Jones*, 980 F.3d at 1108. The factors are as follows:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;

> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for--
>
> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines…
>
> (5) any pertinent policy statement…
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). "District judges maintain an 'obligation to provide reasons' in both sentencing-modification decisions, and traditional sentencing decisions." *Jones*, 980 F.3d at 1112.

> District courts should consider all relevant § 3553(a) factors before rendering a compassionate release decision. But as long as the record as a whole demonstrate that the pertinent factors were taken into account by the district court, a district judge need not specifically articulate its analysis of every single § 3553(a) factor.

*Id.* at *11 (internal quotations and citations omitted). Here, the two most pertinent factors are the "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the need for the sentence imposed." 18 U.S.C. §§ 3553(a)(1)–(2). In this case, both factors weigh heavily against a sentence reduction.

First, Defendant was convicted of a serious offense and has only served a fraction of his 60-month sentence. Defendant's conviction stems from an October 2019 incident where he sold four grams of crack cocaine to a confidential informant. Police promptly arrested him and discovered 118 grams of powder cocaine and 86 grams of cocaine base in his vehicle. Defendant eventually pled guilty to conspiracy to possess with intent to distribute cocaine base.

Moreover, as indicated in Defendant's Presentence Investigation Report ("PSR"), the underlying offense was not his first felony. In 1998, Defendant was convicted of controlled substance delivery and carrying a concealed weapon. He was paroled in 2000. Despite going many years without another felony conviction, Defendant was again arrested in 2015 and later convicted of carrying a concealed weapon, being a felon in possession of a firearm, and felony firearm. The seriousness of Defendant's underlying offense and prior criminal history suggest that the remainder of his sentence should be served "to promote respect for the law" and "afford adequate deterrence." *See* 18 U.S.C. §§ 3553(a)(1)(A)–(B).

Furthermore, Defendant has a history of drug addiction and claimed during his presentence interview that he was using cocaine prior to his arrest. Indeed, the PSR indicates that Defendant suffers from a severe substance use disorder. When sentencing Defendant, this Court recommended his placement in an institution with a comprehensive drug treatment program. ECF No. 28 at PageID.82. Defendant only recently entered federal custody, and there is no indication that he has completed a drug treatment program. Accordingly, the sentence imposed is needed to ensure that Defendant receives the appropriate correctional treatment before release. *Id.* § 3553(a)(1)(D).

Based on the foregoing, the § 3553 factors do not support a reduction in Defendant's sentence. Therefore, the Motion for Compassionate Release will be denied.

**II.**

Accordingly, it is **ORDERED** that Defendant's Motion for Compassionate Release, ECF No. 30, is **DENIED**.

Dated: January 22, 2021                                        s/Thomas L. Ludington
                                                               THOMAS L. LUDINGTON
                                                               United States District Judge

- 8 -

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Myron Wilkins,** Isabella County Jail, 207 Court Street, Mt. Pleasant, MI 48858 by first class U.S. mail on January 22, 2021.

                                      s/Kelly Winslow
                                      KELLY WINSLOW, Case Manager